## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 12 2015, 10:11 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Craig Persinger
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald W. Riddle, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 12, 2015 <br><br> Court of Appeals Cause No. 27A02-1405-CR-355 <br><br> Appeal from the Grant Superior Court; The Honorable Dana J. Kenworthy, Judge; 27D02-1302-FA-4 |

**May, Judge.**

[1] Donald W. Riddle challenges the sufficiency of evidence supporting his conviction of Class A felony neglect of a dependent resulting in death.[1]

[2] We affirm.

## Facts and Procedural History

[3] In 2013, Riddle was the caretaker for Wanetta Marie Lloyd's three children: D.K.B., D.W.B., and A.C., who were ages four, three, and two, respectively. Riddle watched the children when Lloyd worked or ran errands. His caretaking consisted of feeding, bathing, and playing with the children, along with general supervision.

[4] Lloyd got off work in the early morning of February 13, 2013, and ran some errands. Lloyd stopped at the house and saw Riddle and the three children in the living room. The children were all sleeping. Lloyd came home later in the morning with breakfast for the children. Riddle told Lloyd A.C. had been sick and he had put her in her crib. Lloyd did not wake her. Lloyd slept until the afternoon, then ran more errands. Riddle told her A.C. was still sick and would not eat.

[5] Riddle left the house twice that day to obtain morphine tablets. He went back to the house and took the tablets. Both Lloyd and Riddle smoked marijuana that day.

---

[1] Ind. Code § 35-46-1-4 (2012).

[6] After returning from her errands, Lloyd prepared to take one of the older children shopping with her. She went to check on A.C. and returned with the non-responsive child. Lloyd screamed for Riddle to call 911 and said A.C. was not breathing.

[7] Riddle did not call 911 and left the house. Riddle later stated this was because he was afraid there was a parole violation warrant for him. Lloyd ran to her neighbors and they called 911.

[8] Paramedics pronounced A.C. dead on the scene. An autopsy showed A.C. had third degree burns, either thermal or chemical, over 30% of her upper body, including her head and face. The burn pattern was bright red across A.C.'s trunk and face. The doctor who performed the autopsy testified A.C. could have lost consciousness due to the burns. He stated A.C. could not have induced the burns herself, and life-saving treatments are available and could have saved her life if she had received immediate treatment. Another doctor stated that the burn patterns indicated placement of a burning substance on A.C.'s body in a non-accidental fashion.

[9] Riddle fled the scene and hid near his father's house before later going to see friends. He was subsequently arrested. On questioning, Riddle mentioned A.C.'s burns may have been caused by a chemical.

[10] A jury found Riddle guilty of neglect of a dependent resulting in death, possession of a controlled substance, and possession of marijuana.

# Discussion and Decision

Our standard of review is well-settled:

> In reviewing a challenge to the sufficiency of the evidence, this Court neither reweighs the evidence nor judges the credibility of witnesses. Instead, we will consider only the evidence that is favorable to the verdict and the reasonable inferences drawn therefrom. This Court will affirm the conviction unless no rational factfinder could have found the defendant guilty beyond a reasonable doubt.

*Villagrana v. State*, 954 N.E.2d 466, 468 (Ind. Ct. App. 2011) (internal citations omitted).

Ind. Code § 35-46-1-4 provides:

> (a) A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally:
>
> > (1) places the dependent in a situation that endangers the dependent's life or health;
> >
> > (2) abandons or cruelly confines the dependent;
> >
> > (3) deprives the dependent of necessary support; or
> >
> > (4) deprives the dependent of education as required by law;
> >
> > commits neglect of a dependent, a Class D felony.
>
> (b) However, the offense is:
>
> * * * * *
>
> > (3) a Class A felony if it is committed under subsection (a)(1), (a)(2), or (a)(3) by a person at least eighteen (18) years of age and results in the death of a dependent who is less than fourteen (14) years of age . . . .

[14] A person engages in conduct knowingly if, "when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2 (2012).

> While the state must sustain its burden of proof on each element of an offense charged, such elements may be established by circumstantial evidence and the logical inferences drawn therefrom. Because knowledge, like intent, is a mental state of the actor, the trier of fact must resort to reasonable inferences based on the examination of the surrounding circumstances to reasonably infer its existence.

[15] *Perkins v. State*, 181 Ind. App. 461, 468, 392 N.E.2d 490, 495 (Ind. Ct. App. 1979) (internal citations omitted).

[16] The State presented evidence that Riddle was A.C.'s main caretaker during the twenty-four hour period before her death was discovered, that Riddle had ignored A.C. during that time, that A.C.'s burns were not accidental or self-inflicted, that A.C.'s life could have been saved if she had received immediate treatment for her burns, that Riddle had voluntarily become intoxicated while caring for A.C., that Riddle did not call 911 and instead fled the scene on Lloyd's discovery of A.C., and that Riddle suggested to law enforcement in his statement that the burns were caused by a chemical.

[17] That was sufficient evidence to establish Riddle knew A.C. had been severely burned and was in need of medical treatment, but did not access such treatment for her. Thus, the evidence suggests he either knowingly or intentionally placed A.C. in a situation that endangered her life or health. *See Ware v. State*, 441 N.E.2d 20, 23 (Ind. Ct. App. 1982) (conviction upheld as knowingly neglectful

when defendant subjectively aware of high probability of danger to the dependent).

[18] As there was sufficient evidence Riddle neglected a dependent resulting in her death, we affirm.

[19] Affirmed.

Barnes, J., and Pyle, J., concur.